1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-FILED on _____08/07/09_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re JACQUELINE C.MELCHER, aka,
JACQUELINE CARLIN,

               Debtor.

JACQUELINE CARLIN MELCHER,

               Appellant,

v.

JOHN W. RICHARDSON, TRUSTEE,

               Appellee.

No.  5:09-cv-01752-RMW

ORDER GRANTING MOTION TO DISMISS
APPEAL AS UNTIMELY

**[Re Docket No.  5 ]**

     Appellee John W. Richardson ("Richardson"), Trustee in Bankruptcy of the estate of Jacqueline Carlin Melcher ("Melcher"), moves, pursuant to rule Federal Rule of Civil Procedure 12(b)(1), to dismiss Ms.  Melcher's appeal.  For the reasons set for below, the court grants appellee's motion to dismiss.

## I.  BACKGROUND

    Melcher, filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 28, 2001.  Mem. of P. & A. in Supp. of Mot. to Dismiss Appeal 2.  It was converted to a Chapter 7

1  proceeding on September 15, 2008 and Richardson was appointed the trustee of Melcher's estate.

2  *Id*.

3      On December 31, 2008, Melcher moved in the United States Bankruptcy Court for the

4  Northern District of California to replace Richardson with a different Trustee for her estate, and

5  moved to compel the Trustee to rent several of her properties. *Id*. at 3.  The Bankruptcy Court

6  denied the motions on February 6, 2009, and denied Melcher's motions for reconsideration of these

7  two issues on March 30, 2009.  *Id*. Ex. F.

8      Melcher filed a notice of appeal of the Bankruptcy Court's March 30, 2009 order on April 10,

9  2009.  Debtor's Req. for Information and a Hearing 2.

10                          **II.  ANALYSIS**

11      Under Federal Rules of Bankruptcy Procedure 8002(a), a party has ten days from the date of

12  judgment, order or decree appealed from to file a notice of appeal.  Fed. R. of Bankr. P. § 8002(a).

13  This period begins to run when an order is entered, and lack of notice about the entry of order does

14  not excuse or extend the time to appeal.  *In re Warrick*, 278 B.R.182, 187 (9th Cir. 2002); Fed. R.of

15  Bankr. P. § 9022.  "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of

16  a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."

17  *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994).  The Supreme Court

18  has recently reiterated that jurisdictional filing deadlines must be strictly complied with.  *See Bowles*

19  *v. Russell*, 127 S.Ct. 2360, 2365 (2007) (in an appeal from denial of writ of habeas corpus filed after

20  the 14 day period to file a reopened appeal, the Court held that the 14 day period statutorily

21  prescribed by Congress is mandatory and jurisdictional).  Even a minimal delay in filing an appeal

22  nonetheless subjects the appeal to dismissal.  *In re Saunders* 31 F. 3d 767, (9th Cir. 1994) (affirming

23  dismissal of an appeal from a bankruptcy court's order dismissing the debtor's petition, because the

24  pro se litigant filed the appeal two days late).

25      At the motion hearing on June 26, 2009, the court granted Melcher permission to make a

26  supplemental filing setting forth the basis for the court's jurisdiction.  Melcher's supplemental

27  declaration filed on July 1, 2009, although it clarifies why she was unable to timely file her notice of

28

                                2

1   appeal, does not provide this court with jurisdiction to hear her appeal.  Decl. of Jacqueline Carlin

2   Melcher 2-3.

3        A court may extend the time for filing a notice of appeal if the appellant requests an

4   extension "by written motion filed before the time for filing a notice of appeal has expired, except

5   that such a motion filed not later than 20 days after the expiration of the time for filing a notice of

6   appeal may be granted upon a showing of excusable neglect" Fed. R. Bankr. P. § 8002(c)(2).  This

7   court cannot grant Melcher an extension, however, because she did not file a motion for extension of

8   time to file her notice of appeal.  The court cannot construe her late notice of appeal as a motion for

9   extension of time.  *See In re Williams*, 216 F. 3d 1295, 1297-1298 (11th Cir. 2000) (untimely notice

10  of bankruptcy appeal cannot be construed as a motion for extension of time due to excusable

11  neglect); *In re Bushnell*, 273 B.R. 359, 363 (Bankr. D. Vt. 2001) ("claimants urge this Court to treat

12  the notice of appeal as a motion to extend time, but the law is clear that a notice of appeal filed

13  within 30 days of an appealable order may not be deemed a motion for extension of time in order to

14  avoid the strictures of Rule 8002(c)").

15        Melcher filed her notice of appeal from the Bankruptcy Court's March 30, 2009 order on

16  April 10, 2009, eleven days from the date of judgment.  The appeal was untimely.  The court

17  therefore lacks jurisdiction to hear it.  The motion to dismiss is granted.

18                                    **III.  ORDER**

19        For the foregoing reasons, the court grants the motion to dismiss Appellant's claim pursuant to

20  rule 12(b)(1).

21

22

23

24  DATED:        08/04/09                        _Ronald M Whyte_
                                                 RONALD M. WHYTE
25                                               United States District Judge

26

27

28

3

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**

Jacqueline C. Melcher
PRO SE

**Counsel for defendant:**

Charles Patrick Maher          cmaher@luce.com
Diana Donabedian              ddonabedian@luce.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Date:      08/07/09                              JAS
                                         Chambers of Judge Whyte

4